## SUPREME COURT.

### ROE agt. ROGERS.

An *answer* to a complaint for assault and battery and false imprisonment, which denies the whole complaint, and each and every allegation thereof, can not, as a further defence, set up new matter in justification of the alleged assault and false imprisonment. They are *inconsistent.*

*Broome County Special Term, October,* 1853. Motion on the part of the plaintiff to strike out a portion of the answer, on the ground of inconsistency, &c.

MR. BARRATT, *for Motion.*
MR. SQUIRES, *Opposed.*

CRIPPEN, Justice.—The complaint is for an alleged assault and battery, and false imprisonment. The defendant, in his answer, in the first place, denies the whole complaint, and each and every allegation of it; and for a further defence, in

the second place, he sets up new matter in justification of the alleged assault and false imprisonment.

It is entirely manifest that the answer contains inconsistent matters of defence; it denies that the defendant committed an assault and battery, or imprisoned the plaintiff. After thus denying the allegations in the complaint the defendant admits that he committed the acts complained of, and sets up new matter by way of justification.    •

The system of pleading authorized by the Code, no where allows the defendant to deny the allegations in the complaint, and then, in the same answer, admit the same to be true, with matters of excuse and justification.

It cannot be useful or necessary to allow such palpable contradictions and inconsistencies to be spread out in the same pleading; truth and justice are hand maids; they should not be separated by the consent or permission of the courts.

The law, as it is now understood to exist, requires the parties to distinctly point out, in plain and simple language, the truth of their case on either side. The plaintiff should state his case according to the facts, and the defendant in the same manner, his defence, so that each may come prepared for trial, with the necessary proof. No unnecessary issues should be raised or allowed in the pleadings. The law authorises the defendant to deny each and every allegation in the complaint, thereby putting the plaintiff to the proof of his whole case. When this is done the defendant is not allowed to set up a defence in the same answer, which admits the denial to be false and the complaint true. Every plea should be true and capable of proof; " truth is the goodness and virtue of pleading, as certainty is the grace and beauty of it."

If the defendant shows by his answer that he has pleaded falsely, it should not be allowed to stand.

The denial of the assault and false immprisonment, cannot be reconciled with the new matter set up in justification; one or the other is not true. The plaintiff should not be required to prove matters that the defendant, in one part of his answer, has admitted to be true, but in another part of the same answer

denied.   If the defendant relies upon his justification, then he should admit the truth by confessing the assault, &c., and meet the case upon the merits.   The defendant cannot be permitted to occupy both grounds of defence at the same time, in the same pleading; he must elect between them.

It is a settled rule of pleading that matters in avoidance cannot be set up, when the matter it seeks to avoid is *denied*. (14*th Barbour*, 533, *and cases cited ;* 4 *Sandford*, 664; *Id.* 680.) The motion must be granted with costs.