## THE CITIZENS' BANK v. LEVI CLOSSON.

1. The code contains no limitation upon the provision that the defendant may set forth as many grounds of defense as he may have, except the implied limitation contained in the requirement that pleadings shall be verified by oath.

2. In an action by an indorsee against the maker of a promissory note, the defendant by his answer, as a *first* ground of defense, denied the making of the note; and, as a *second* ground of defense, alleged that if the signature to the note was genuine it was obtained by a "cunningly-devised scheme," or trick, and that there was no valid consideration for the note, of which facts the indorsee had full knowledge when he took the note. *Held:* That the defendant had a right to insist upon both these grounds of defense, and that it was error in the court to rule him to elect on which ground he would rely.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Ashland county.

This was an action by the Citizens' Bank against Clos-
son, upon a promissory note alleged to have been made by
him to R. R. Fenner & Co., or order, and indorsed to the
bank before due. Closson set up two several defenses in
his answer: 1. He denied the execution of the note. 2. He
alleged that if the signature to the note was his it was ob-
tained by " a fraudulent and cunningly-devised scheme," or
trick, without his knowledge ; that he was induced by false
and fraudulent representations of Fenner & Co. to sign cer-
tain papers, represented to be mere receipts or orders re-
lating to a proposed agency for selling a patent invention,
and if he signed the note his signature was procured by
making him believe he was signing one of the receipts or
orders ; that it was obtained without consideration, and
that the bank had knowledge of these facts when it pur-
chased the note.

On motion of the plaintiff, the court ordered the defend-
ant to elect upon which of these grounds of defense he
would rely. The defendant excepted to the order, and
elected to rely upon the first-named defense, the denial of
the execution of the note, and the case was tried upon this
issue.

On the trial, the plaintiff gave in evidence a note of the
tenor and effect of that described in the petition, with evi-
dence tending to prove the defendant's signature thereto ;
and the defendant gave evidence tending to show that the
note had been altered without his knowledge or consent by
the payee's agent, after its delivery, by inserting the words
" payable at the First National Bank of Ashland, Ohio," and
also the words " eight per cent. interest." The note seems
to have been in the form of a printed blank filled up, but
whether the blanks left in the printed form were such as to
indicate that they were to be filled up with these words, or
whether these words, or either or any of them, were writ-
ten or printed, does not appear from the record. Upon
this evidence the defendant asked the court to instruct the
jury that if they found that the agent of the payee " had
made a material alteration in said note fraudulently," after

Citizens' Bank v. Closson.

its delivery, and without the defendant's knowledge or consent, the plaintiff could not recover.

The court refused this request, and instructed the jury as follows : " If you find from the evidence that the defendant executed the note in controversy, . . . and left blanks in the same, which were afterward filled up by inserting therein the words ' payable at First National Bank of Ashland, Ohio,' and ' eight per cent. interest,' and these blanks were so filled without the knowledge of the plaintiff, and that the plaintiff in due course, and for valuable consideration, became the purchaser of the note in suit, the defendant will be liable on said note, notwithstanding such alterations were made without his knowledge and consent." To which instructions, as well as to the court's refusal to instruct as requested, the defendant excepted.

The jury having found for the plaintiff, and judgment having been entered upon the verdict, the defendant prosecuted his petition in error in the district court, where the judgment was reversed. Leave is now asked by the plaintiff to file a petition in error to reverse the judgment of the district court, the questions presented being, *first*, whether the court erred in ruling the defendant to elect between his defenses ; and, *second*, whether there was error in the court's instructions, or in its refusal to give the instructions requested.

*Smith & Smith*, for the motion :
Section 93 of the code does not confer the right to maintain inconsistent defenses in the same action. Vansant-vord's Pl. 284; Nash Pl. and Pr. 247; 8 How. Pr. 356; 6 Ib. 402; 2 Robertson, 612.

*M. R. Dickey* and *McCombs & Curtis*, contra, cited : Code, sec. 93; *Stiles* v. *Comstock*, 9 How. Pr. 48; *Lansingh* v. *Parker*, 9 How. Pr. 288.

WELCH, C. J. The code allows a defendant to " set forth in his answer as many grounds of defense, counter-claim,

or set-off as he may have," and it contains no limitation upon this privilege, except what is implied in the provision that pleadings shall be verified by oath. There is no provision requiring the several grounds of defense to be technically consistent with each other, or requiring an express admission of the truth of averments sought to be avoided by new matter. It is merely required that the answer shall be " verified " by oath. When two alleged grounds of defense plainly contradict each other, they are not susceptible of verification, because it is impossible for both to be true. The verification of one is the falsification of the other. In such a case, the answer, though sworn to, is not " verified," and should, on motion, be stricken from the files, or the defendant be put to his election. Was there any such contradiction or irreconcilable repugnancy between the two defenses set up in this answer? We think not. Taken together, the two defenses amount to this : That the defendant is ignorant whether he signed the note or not ; he does not believe he signed it, and therefore denies it ; and that, if he did sign it, his signature was obtained by fraud, and without consideration. The word " note," where it occurs in the second defense, so far as the question of verification is concerned, can well be understood in the sense of " *supposed* note." It certainly is not consistent with the spirit and intention of the code that a party having one or the other of two good defenses, without the means of knowing, otherwise than from the developments to be made upon the trial, which of the two, in fact or in law, is his true defense, shall, at his peril, be compelled to elect in advance on which he will rely, to the exclusion of the other. When, from the nature of the case, it is rendered uncertain which of two grounds of defense is the true and proper one, it is competent for the defendant, in his answer, to set them both up, provided they will admit of being stated in such form that the answer can be sworn to without falsehood, and in good faith. Such was the case here, and we think the court erred in putting the defendant to his election.

We are of opinion also that the court erred in refusing the instruction requested. The proposition asked was good law, as applied to the case. The plaintiff had declared upon the note in its altered condition. If the alteration had been made fraudulently, and without the defendant's knowledge or consent, the note, as described in the petition, was not his note. Whether, in any such case, an innocent indorsee could recover upon the *original* note was not the question. The question was whether the defendant made the note in its altered form. The court was undoubtedly right in telling the jury that the holder has an implied authority to fill up blanks which appear upon the face of the note to have been intended to be filled up. But that was no answer to the request made by the defendant. The character of these blanks does not appear, and the request was to charge the jury as to the effect of filling them up " fraudulently, and without the defendant's knowledge and consent." If the blanks were in a form to imply authority to fill them up, the act of filling them up was not fraudulent, nor against the defendant's consent, but by his authority.

On both these grounds, therefore, we think the district court was right in reversing the judgment of the common pleas.                                  *Motion overruled.*