JAMES M. MOORE, RESPONDENT, v. THE WILLAMETTE TRANSPORTATION AND LOCKS COMPANY, APPELLANT.

RIPARIAN RIGHTS—EXTEND LATERALLY INTO STREAM.—Rocks and shoals lying along the margins of navigable rivers, above tide-water, belong to the riparian owner. Riparian rights extend laterally from the shore, and not up or down the stream.

INCONSISTENT DEFENSES IN REAL ACTIONS.—In a real action the defendant may plead as a defense that he is the owner in fee of the premises, and, also, that the ownership is in some person other than himself or the plaintiff.

APPEAL from Clackamas County.

The respondent brought this action to recover the possession of the undivided seven fifteenths of the tract of land described in the complaint.

The appellant sets up three defenses:

1. That it is the owner in fee-simple of the premises and of every portion thereof.

2. That appellant is the owner in fee-simple of the undivided one third of one fourth, and William P. Doland is the owner in fee-simple of the undivided one third of one fourth, and James K. Kelley is the owner in fee-simple of the undivided one third of one fourth of the whole of said premises, being the whole of the interest which the said James M. Moore had in said premises, between the eleventh day of March, 1861, and the sixth day of August, 1870.

3. A plea of the statute of limitations.

Additional facts are stated in the opinion.

*Hill, Durham and Thompson,* for appellant.

*W. Carey Johnson and E. L. Eastham,* for respondent.

By the Court, BOISE, J.:

The property in dispute is a reef of rocks, on which the breakwater of the appellant is built, which extends up the river from the island just above the falls of the Willamette river at what is known as Linn city; which breakwater serves to turn water to the locks of the appellant. The evidence tends to show that there is at ordinary stages of water in the river a channel between this reef and the shore, and also a channel between the reef and the island owned by the appellant. This island is owned by appellant, and claimed by it through mesne conveyances from Robert Moore, the ancestor of the respondent, who received the patent embracing this island from the United States, and consequently both parties claim title from this common source. The deed to the premises, including this island, does not include this reef of rocks. But the appellant claims that it is appurtenant to the island. The circuit court held that these rocks in the river were appurtenant to the main land, and that riparian rights extend laterally, and not up the river. This view is correct, and accords with the opinion of this court, as expressed in the case of *Minto* v. *Delany,* decided at this term, where it is held that the river, and

not the meander line is the boundary of lands laying along the Willamette river, and that accretions formed on the shore by the gradual receding of the water belong to the riparian owner. The evidence shows that this reef of rocks is near the shore, and at low water can be approached from the shore, and the riparian owner would have to pass it to reach the river channel of the stream. In all such cases the lands and rocks along the shore belong to the owner of the adjoining land.

Another question in this case arises on that part of the appellant's separate answer which alleges that defendant is the owner in fee-simple of the undivided one third of one fourth, and William P. Doland is the owner in fee-simple of the undivided one third of one fourth, and James K. Kelley is the owner in fee-simple of the undivided one third of one fourth of the whole of said premises, being the whole of the interest which the said James M. Moore had in said premises, between the eleventh day of March, 1861, and the sixth day of August, 1870.

It appears from the documentary evidence before the court which was used on the trial in the court below, that Kelley, Doland and D. P. Thompson were the owners in common of three fifteenths of this property, and that before the bringing of this action, Thompson had sold his interest to the appellant, who held the same at the commencement of this action, and that said Kelley and Doland were each still holding one fifteenth. The court withdrew the evidence of the ownership of Kelley and Doland from the consideration of the jury, and charged the jury, that the plaintiff, James M. Moore, was entitled to recover of the defendant whatever interest Kelley and Doland held in the land.

To this ruling of the court the appellant excepted. The legality of this ruling must be determined by the construction to be given to section 316 of the code, where it is provided: "The defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer. If so pleaded, the nature and duration of such estate or license or right to the pos-

session shall be set forth with the certainty and particularity required in a complaint." These are all substantive, separate defenses, and if one is pleaded it must be pleaded separately.

A defendant under the code, section 72, may plead any or all of them in the same answer. It is claimed by counsel for the respondent, that the appellant having plead that he was the owner of the entire estate, can not also plead that he is the owner of one undivided part thereof, and Kelley and Doland owners also. That the two pleas are inconsistent. It is true that both pleas can not be literally true, neither is it true in a case of slander, where the defendant alleges that he never spoke the defamatory words, and that the words alleged to be spoken are true. But this is now allowed, and such apparently inconsistent pleading is certainly as proper in defenses in real actions as in cases of torts. A defendant may be mistaken as to his legal title, and if that fails he may maintain his possession by any of the separate defenses named in the statute.

It is also claimed that if this defense is available, in order for the appellant to avail himself of it, it must show that it has possession under some lease or license from Kelley and Doland. If the defense that the title and right of possession are in another person than the respondent or appellant is a substantive defense, it can be proved to defeat the right of the plaintiff to recover, who in ejectment must recover on the strength of his own title. Whatever defeats his right to possession, defeats the action. It is also further claimed that the appellant is not injured by this judgment, for appellant is not thereby deprived of his interest in the property.

If connected with this action there was a claim for mesne profits, the appellant would be liable to pay to the respondent the rents and profits of the two fifteenths which belong to Kelley and Doland, and *prima facie* as the judgment now stands such rents and profits belong to respondent as against appellant for the judgment, that he is the owner and entitled to the possession of these two fifteenths carries with it the rents and profits if demanded. If the appellant

was now sued by the respondent for these mesne profits, we do not decide whether or not appellant might show as a partial defense this estate of Kelley and Doland. Let that be as it may, this judgment establishes a wrong proportion of ownership as between the respondent and appellant, and is certainly as much injury to appellant as it would have been had appellant plead ownership of the whole property in another and been denied by the court the right to prove it.

We think the appellant in this case should have been allowed to prove the alleged ownership of Kelley and Doland, and that the holding and instruction of the circuit court was error.

The judgment of the circuit court is reversed, and a new trial ordered.