[No. 16954.    Department Two.    March 8, 1922.]

REUBEN SPAHR, *Appellant,* v. MARY LIEBECK,
*Respondent.*[1]

PLEADING (43)—ANSWER—INCONSISTENT DEFENSES—JOINDER WITH
GENERAL DENIAL. Assuming, in an action on a promissory note, that
the defenses of *non est factum* and the statute of limitations are
inconsistent, the defendant would not thereby be cut off from all
defense, under a general denial, of matters which he cannot be
deemed to have admitted.

SAME (174)—ISSUES—GENERAL DENIAL. In an action on a promis-
sory note alleged to have been given in payment of interest on a
prior note, which allegation was specifically denied, it was admis-
sible, under the general denial, to prove that the money for which
the note was given was for a loan which the maker obtained to pay
indebtedness to another party.

Appeal from a judgment of the superior court for
King county, Davidson, J., entered August 8, 1921,
upon findings in favor of the defendant as to one cause
of action, in an action on promissory notes, tried to the
court. Affirmed.

*Henry W. Lung* and *S. S. Langland,* for appellant.
*M. H. Ingersoll,* for respondent.

HOVEY, J.—Appellant sued respondent upon three
promissory notes, the first being for $1,255.50, dated
August 15, 1914, and due ninety days after date, the
second for $186, dated May 1, 1915, due six months
after date, and the third for $135.40, dated October 2,
1916, due six months after date.. The complaint was
filed July 11, 1921. It alleged payments on the first
note of $100 on June 1, 1915, and $113.25 on October
1, 1916. The answer denied the execution of the first
note and denied the making of the payments alleged,
and alleged affirmatively that no payments on principal

[1]Reported in 204 Pac. 1049.

or interest had been made on the first note, and that the same was barred by the statute of limitations. The reply alleged that the third note, being the one for $135.40, was made for the express purpose of paying $113.25 interest due October 1, 1916, on the first mentioned note, and to pay $22.08 interest on the note for $186. The lower court granted judgment on the second and third notes, but held that the first note was barred by the statute of limitations and denied any recovery thereon, and the appeal is from that portion of the judgment.

The first question raised by appellant is that the defenses were inconsistent, citing *Seattle National Bank v. Carter*, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, and similar cases. Assuming, without deciding, that the defenses are inconsistent, we differ with appellant as to the consequences. If the effect of the general denial can be said to be overcome by the affirmative plea of the statute of limitations, it would simply result that the plaintiff would not be put to the burden of proving the execution and delivery of the note, under the cases cited. But it does not have the effect that counsel apparently contends for, of cutting the defendant off from all defense as to matters which he will not be deemed to have admitted.

It is next contended that the court erred in admitting testimony showing that the $135.40 note was in fact given for a loan and the money so obtained was used to pay a note which respondent owed to one Frost, and it is claimed that this is a defense which should be pleaded. The payments of interest on the first note were specifically denied, and this proof was admissible under the general denial.

The statement of facts is in narrative form, and as the evidence is there summarized, we cannot say that

the judgment of the trial court is not well founded; in fact, it seems, in our opinion, to preponderate in favor of the judgment.

Judgment affirmed.

PARKER, C. J., HOLCOMB, MAIN, and MACKINTOSH, JJ., concur.