## BANK OF ALASKA v. RAICH et al.

. Third Division.   Anchorage.   June 17, 1925.

No. 394–A.

**Pleading** ☞194(3), 355—**Inconsistent Defenses—Practice.**

Suit on note by plaintiff against Raich and others.  Defendant Raich in his separate answer denied every allegation in the complaint including the execution of the notes sued on.  He then set up affirmative defenses, denying consideration, and claiming dis- charge by reason of sundry acts of plaintiff; on demurrer by plaintiff.  *Held*, the denial of the execution of the notes is utterly inconsistent with the affirmative defenses.  If the denial is true, he needs no other defense; and, if the affirmative defenses are true, it amounts to an admission that he executed the notes.  This defect in the pleading, however, can only be reached by motion to strike, which was not filed; demurrer overruled, with leave to plaintiff to move at the trial that defendant be compelled to elect between his contradictory defenses.

Plaintiff sues to recover upon two promissory notes.  De- fendant Matt Raich answers separately.  He denies every alle- gation in plaintiff's complaint, except its incorporation, and thereby denies the execution of the notes.  He then proceeds to set out several affirmative defenses, denying consideration for the notes, and claiming discharge by reason of sundry acts of plaintiff.  To this answer plaintiff files a general demurrer.

L. V. Ray, of Seward, for plaintiff.
Arthur Frame, of Anchorage, for defendants.

RITCHIE, District Judge.  In arguing the demurrer, coun- sel for plaintiff pointed out the contradiction between the first defense, a general denial, and the affirmative defenses.  It is true that the denial of the execution of the notes is utterly inconsistent with the affirmative defenses.  If Raich did not execute the notes, he needs no other defense; and, if the af- firmative defenses set up by him are true, or any of them, it amounts to admission that he executed the notes.  However, by the great weight of authority in the Code states, includ- ing all the Pacific states, while inconsistent defenses can be pleaded in many cases; they are not admissible when they are absolute contradictions of each other.  This rule is stated in

Sutherland in Code Pleading, §§ 671, 672. It is also the rule that this exception cannot be taken by demurrer, but by motion to strike. Sutherland says (section.672):

"An objection that an answer contains inconsistent defenses cannot be made by demurrer. The remedy is by motion to strike out, or to require the party pleading to elect between them. Where the defendant denies the execution or delivery of a note, and in a separate defense alleges that the same note was made with a fraudulent intent, the execution of the note is admitted, since. the two statements are utterly inconsistent."

Among the cases cited is Maxwell v. Bolles, 28 Or. 1, 41 P. 661. In Fleishman v. Meyer, 46 Or. 267, 80 P. 209, which was decided on another point, the court said:

"A defendant can be required to elect on which of several defenses he will rely only where the facts stated therein are so inconsistent that, if the truth of one defense be admitted, it will necessarily disprove another."

Probably the best analysis of the rules governing inconsistent defense is contained in Seattle National Bank v. Carter, 13 Wash. 281, 43 P. 331, a Washington case. It also appears in 48 L. R. A. 177, with numerous notes.

It appears to me that plaintiff should have moved to strike one of the defenses, or moved an election between them. On the authorities stated, the demurrer is overruled, but at the trial plaintiff may move that defendant be compelled to elect between his contradictory defenses.