AGUSTÍN ROSELLÓ-BRAS, Plaintiff and Appellant, v. AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee.

No. 4174.   Argued January 20, 1928.—Decided June 27, 1928.

Angel A. Vázquez for the appellant. Federico and Mariano Acosta Velarde for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff appeals from an adverse judgment in an action for damages arising out of the destruction of a truck in a collision with a locomotive at a railroad crossing.

The first proposition submitted by appellant is that the court below erred in overruling a motion to strike certain new matter set up in the answer as an affirmative defense.

The theory of the motion was that an affirmative averment as to contributory negligence on the part of plaintiff admits the fact of negligence on the part of defendant alleged in the complaint and can not stand together with a general denial.

"What the defendant says by such a plea, coupled with a general denial, is that he is not guilty of the negligence charged; but that, if he is, then that the plaintiff, by his or her own negligence, contributed to the resulting injury, and for that reason can not recover." 20 R.C.L. 106, par. 92; Jackson v. Natchez, etc., R. Co., 114 La. 981.

Between two such defenses there is no absolute inconsistency of fact, as distinguished from mere inconsistency arising by implication of law, even when tested by the rule recognized in the more conservative minority of the code states, in equity practice and in the modern view of the statute of Anne. Note to Seattle National Bank v. Jones, 48 L.R.A. 177, 182, 185, 188, 203, 210. See also Succession of del Rosario et al. v. Rosaly, 27 P.R.R. 98; Wys v. Maldonado, 34 P.R.R. 185.

Another contention of appellant is that the court below erred in weighing the evidence "inasmuch as it is not contra-

dictory as regards the essential fact that the defendant did not maintain at the grade crossing 'Cruce de Silva' chains, bars or other means of protection to the vehicles passing there while the trains and locomotives of the defendant were running.''

The collision occurred at about four o'clock in the morning. The truck and the train were traveling in the same general direction as they neared the crossing. The trial judge, after viewing the scene of the accident, states that the railway track and the road upon which the truck was traveling were parallel, and that the space between the two was not more than five meters in width for a distance of not less than seven hundred meters before reaching the crossing. The view from the public road, at and before arriving at the crossing, was unobstructed.

The crossing was provided with gates and chains which were used as barriers when trains were due to pass during the day. At night red lanterns were lighted and kept burning. Sign posts, with the usual warning, were also in use. The chains had never been used at night, and there was no effort on the part of defendant to show that they were in use at the time of the accident, or at any other time between sunset and sunrise before the date of the accident.

The court below found that the red lanterns were in place and lighted at the time of the accident; that the passenger coaches were well lighted and that the headlight of the engine illuminated the track for a distance of at least two hundred meters as the train moved toward the crossing; that the truck was heavily loaded and carried some six or eight passengers in addition to the driver; that immediately after the accident a broken guitar and the fragments of a bottle containing liquor were found in the wreckage; that the driver of the truck and several of his companions had been drinking intoxicating liquors; that the whistle was blown and the bell was rung at a proper distance before the arrival of the train at the crossing; that the crew of the truck were singing to

the accompaniment of a guitar as the vehicle neared the crossing; that the train in question was a regular passenger train, running according to a fixed schedule, at the usual and ordinary rate of speed; that the driver of the truck had frequently traveled over the crossing and knew, not only that the chains were not used at night, but also that the train was due to pass at the hour when the accident occurred; that the said driver did not stop, look or listen, nor reduce the speed of the truck; and that the exercise of the slightest degree of care on the part of such driver would have informed him as to the impending danger and would have prevented the accident.

Section 3 of an act approved December 6, 1917, entitled "An Act defining public service companies; and providing for their regulation; prescribing, defining, regulating and limiting their rights, powers and duties; prescribing and defining the powers and duties of the public service commission and its officers, prescribing and regulating the practice and procedure before such commission and upon appeal, and for other purposes," (Laws of 1917, page 432) reads in part as follows:

"Section 3.—It shall be the duty of every public-service company:

\*     \*     \*     \*     \*     \*     \*

"(q) *Safety Devices for Crossings, etc.* If a railroad company, to construct and maintain chains, gates, or other suitable protective devices, at all grade crossings of insular public roads and at all such other public crossings as the commission may designate, and subject to rules, regulations and orders of the commission, to fence in or otherwise properly guard or protect its tracks at such places as the commission may designate, so as to keep animals from entering upon such tracks; to provide its locomotives with bells and whistles which shall be used upon approaching curves, tunnels, and road or street crossings and whenever necessary as a warning of the approach of such locomotives and trains which shall reduce their speed to a minimum on street crossings, and shall use, after sunset, such lights as may be necessary and the commission may determine."

The mere failure on the part of defendant strictly to

comply with the provisions of such a legislative enactment can not excuse contributory negligence of a character so gross as that imputed to the driver of the truck in question by the trial judge in the instant case. 22 R.C.L. page 1042, par. 275.

The absence of any conflict in the evidence as to the fact that the chains were down at the time of the accident is not enough, then, to overturn a judgment based upon findings of the sort herein above outlined.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.