[No. 3622.   Decided May 31, 1901.]

HERMAN BARTELT, *Appellant,* v. CHARLES SEEHORN, *Respondent.*

APPEAL — RECORD — PLEADINGS IN FORMER ACTION — JUDICIAL NOTICE.

Where judgment on the pleadings has been rendered upon an answer of former adjudication, which was not traversed, the plaintiff cannot, on appeal, have the pleadings in the former case certified by the clerk to the supreme court, for consideration by that court in passing upon the contention that the causes of action were different, when such pleadings had not been put in evidence in the trial court.

JUDGMENTS — RES JUDICATA — WHEN DISMISSAL OPERATES AS BAR.

A judgment dismissing an action for damages after the introduction of plaintiff's testimony, based on the ground of plaintiff's contributory negligence, is a judgment on the merits and not one for failure of proof, and stands as a bar to any subsequent action between the same parties for the same cause of action.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.   Affirmed.

*Samuel R. Stern,* for appellant.

*Armour & Shine,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant brought this action to recover damages for the loss of a horse, alleged to have been caused by the negligence of the respondent.   The respondent answered the complaint by a general denial, and by pleading affirmatively three separate defenses, one of which was as follows:

"1.   That on the 30th day of November, 1898, at Spokane, in an action then pending in the above-entitled court between the above-named plaintiff and the above-named defendant, and for the same cause of action as that set forth in the complaint herein, the court, after the case

coming on for trial and hearing the testimony of plaintiff, and it appearing from the testimony of said plaintiff that he had knowledge of the defective condition of said fence described in the complaint, ordered the action dismissed, and a judgment was duly made and given as follows:

HERMAN BARTELT, *Plaintiff*,

v.                                    No. 13017.

CHARLES SEEHORN, *Defendant*.

On the 30th day of November, 1898, this cause came regularly on for trial, and the jury being regularly impaneled, and it appearing from testimony of plaintiff's witnesses and the pleadings that the plaintiff was not entitled to any damages herein, and the court being fully advised in the premises, it is by the court ordered that said action be dismissed, and it is ordered that defendant recover his costs and disbursements herein.

LEANDER H. PRATHER, Judge.'

"And the cost bill was filed, and the judgment was thereafter satisfied by defendant paying the plaintiff the amount of said costs."

The appellant, in his reply, did not traverse the allegations contained in the separate defense quoted, whereupon the respondent moved for judgment on the pleadings, which motion the trial court granted, and entered judgment for the respondent. This appeal is from that judgment.

The appellant contends that the prior action between the parties was prosecuted upon a different theory from the one before us, and upon different allegations with respect to the facts; that it required entirely different proof to maintain it from that required to maintain the present action, and hence the judgment entered in the first action, conceding it to be upon the merits, is not a bar to the second. To support his contention, he has caused the clerk of the trial court to certify the pleadings in the former case to this court, and insists that they are properly before us for consideration. It is manifest, however, that the

plea alone is before this court. The only question the trial court passed upon in determining the motion of the respondent, was whether the facts alleged in the plea of former judgment constituted a bar to the appellant's cause of action. This it was required to determine from the face of the pleading. It could not notice judicially the pleadings or proofs submitted in any former action, even though such action was between the same parties and before the same court; and what the court of original jurisdiction cannot judicially notice, an appellate court on an appeal from its judgment cannot judicially notice. To have made the questions here contended for available to him in this court, the appellant should have taken issue upon the plea, introduced the pleadings as evidence at the trial, and brought them before this court by a statement of facts or bill of exceptions over the certificate of the trial judge.

The sole question before us therefore is, do the facts pleaded in the separate answer quoted show that the controversy was barred by the former judgment? It may be conceded, as the appellant argues, that a judgment of nonsuit or of dismissal entered by the trial court, on motion of the defendant, when the plaintiff fails to prove a sufficient cause for the jury, is not a bar to a subsequent action for the same cause. Such is the rule not only under the general principles of law, but by the express terms of the statute. Bal. Code, §§ 5085-5087. But the averment in the answer quoted is not that the plaintiff merely failed to prove a sufficient cause for the jury. It is averred that his evidence showed that he had knowledge "of the defective condition of said fence described in the complaint," which, as a matter of law, in the judgment of the trial court, precluded him from recovering damages for the injury complained of in his complaint. In other words,

the trial court found from the plaintiff's testimony that the damages suffered by him were occasioned by his own fault or negligence. A judgment entered by the court under these circumstances, whether of dismissal, or that plaintiff take nothing by his action, is not a judgment for failure of proof. It is a judgment on the merits of the controversy, and as such, so long as it stands not vacated or reversed, is a bar to any subsequent action between the parties for the same cause of action. We conclude, therefore, that the judgment appealed from is right and should stand affirmed.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.