Decided 2 July, 1907.

## CARROLL v. GRANDE RONDE ELECTRIC CO.

90 Pac. 903.

TRIAL—NONSUIT—QUESTIONS THAT MAY BE DECIDED.

On a motion for a nonsuit, the court has no authority to pass on the merits or adjudicate the rights of the parties, and an attempt to do so is a nullity; such a motion is an objection to the sufficiency of plaintiff's case and does not involve the merits of the claim at all.

In an action for wrongful death, defendant's motion for a nonsuit, on the ground that deceased was guilty of contributory negligence, was granted, the record entry reciting that the deceased was guilty of contributory negligence which was the proximate cause of the injury. *Held,* that the judgment was no bar to a subsequent action on the same cause, the only point properly decided being that plaintiff's case, as presented, was not sufficient in law to be submitted to the jury.

From Union: WILLIAM SMITH, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by Eliza Carroll, administratrix, against the Grande Ronde Electric Co.  On August 28, 1905, Leonard Carroll was killed by an electric wire belonging to defendant company.  The administratrix of his estate brought an action to recover damages on account of his death, alleging that it was caused by the negligence of defendant.  The defendant answered, denying the allegations of the complaint, and, for a further and separate defense, setting up contributory negligence on the part of deceased.  The trial was begun before a jury on issues joined, and, after the plaintiff had introduced her testimony and rested, the defendant moved for a nonsuit, on the ground, among others, that the evidence showed that the death of her intestate was caused by his own negligence.  This motion was allowed; the record of such allowance reciting "that the plaintiff's intestate Leonard Carroll, at the time of the accident complained of, resulting in his death, was guilty of contributory

negligence, which was the proximate and direct cause of the injury resulting in his death." The judgment was subsequently affirmed: *Carroll* v. *Grande Ronde Elec. Co.* 47 Or. 424 (84 Pac. 389: 6 L. R. A., N. S., 290). Thereafter the plaintiff commenced this action on the same cause as is alleged in the action heretofore referred to. The defendant pleads the judgment in the former action as a bar, and, such plea being sustained, judgment was rendered in its favor, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the name of *Lomax & Anderson,* with an oral argument by *Mr. Gustave Anderson.*

For respondent there was a brief with oral arguments by *Mr. Samuel White* and *Mr. Thomas Griffin Hailey.*

Opinion by MR. CHIEF JUSTICE BEAN.

The statute, after providing that a judgment of nonsuit may be given against the plaintiff on motion of the defendant, when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury (Section 182, B. & C. Comp.), declares that, when such judgment is given, the action is dismissed, but it shall not have the effect to bar another action for the same cause: Section 184, B. & C. Comp. The statute would seem to leave no room for argument as to the effect of an involuntary judgment of nonsuit. But the defendant contends that because, in the case at bar, the entry of the order sustaining the motion contains a statement or finding that the contributory negligence of the plaintiff's intestate was the proximate cause of his death, it is a judgment on the merits, and therefore a bar to another action. The vice of this position lies in the fact that, on a motion for a nonsuit, the court has no jurisdiction or authority to pass upon the merits or adjudicate the rights of the parties, and an attempt to do so is a nullity. A motion by defendant for a nonsuit does not challenge the facts as shown by plaintiff, nor call upon the court to determine the rights of the parties, but only to decide as a matter of law whether upon the evidence of plaintiff, as it now stands, he is entitled to take

the opinion of the jury on his case. It is a motion based on some defect or neglect of the plaintiff, and does not involve the merits. The plaintiff, therefore, is, under all the authorities, authorized, if the motion is sustained to bring his action again: Black, Judgments (2 ed.), § 699; Freeman, Judgments, § 261; *Reynolds* v. *Garner*, 66 Barb. 319; *Lindvall* v. *Woods* (C. C.), 47 Fed. 195; *Manhattan Life Ins. Co.* v. *Broughten*, 109 U. S. 121 (3 Sup. Ct. 99: 27 L. Ed. 878); *United States* v. *Parker*, 120 U. S. 89 (7 Sup. Ct. 454: 30 L. Ed. 601); *Gardner* v. *Michigan Cent. R. Co.* 150 U. S. 349 (14 Sup. Ct. 140: 37 L. Ed. 1107). And it can make no difference upon what point the motion is allowed, or how the judgment may be framed, or what recitals it may contain, or that the motion was ordered upon the failure of plaintiff's evidence: 23 Cyc. 1137; 24 Am. & Eng. Enc. Law (2 ed.), 801; Black, Judgments (2 ed.), § 699; *Gummer* v. *Trustees of Village*, 50 Wis. 247 (6 N. W. 885); *United States* v. *Parker*, 120 U. S. 89 (7 Sup. Ct. 454: 30 Law Ed. 601). It is still nothing but a judgment of nonsuit, which has been likened to the blowing out of a candle, which a man, at his own pleasure, may light again, and which the statute declares shall not be a bar to another action for the same cause. At the time the motion was made by the defendant, the plaintiff, on her own motion, could have taken a voluntary nonsuit, which certainly would not have been a bar, and she is in no worse position because the court on motion of defendant did what she herself voluntarily could have done. The defendant could have had a judgment which would have been a bar to another action if it had rested, and submitted the case to the jury on plaintiff's evidence, instead of moving for a nonsuit, but it has no right to experiment with a motion for a nonsuit, thus reserving to itself the right, if the ruling is against it, to go into a full trial on the merits, and deny the plaintiff, if she is the losing party, the right to bring her action anew. If the defendant would not be bound by the ruling on the motion, the plaintiff ought not to be. If a judgment of nonsuit, on the motion of defendant, is an adjudication upon the merits, conclusive on the plaintiff,

and a bar to another action, then the correlative rule must be adopted, that a denial of such motion is conclusive upon the defendant, and operates as a judgment for the plaintiff, a position nowhere asserted. No judgment can be an estoppel unless it is on the merits: Freeman, Judgments, § 260. And a motion for a nonsuit is a waiver of the right to have a judgment on the merits, and submits to the court the single question whether the plaintiff has proven a case sufficient to be submitted to a jury, and the sustaining or overruling of the motion is an adjudication of no other matter. The case of *Bartelt* v. *Seehorn,* 25 Wash. 261 (65 Pac. 185), seems to be contra to this conclusion, but no authorities are cited in its support, and we have been unable to find any, and the rule there announced is against the plain provisions of our statute.

Judgment reversed, and cause remanded for such other proceedings as may be proper, not inconsistent with this decision.

REVERSED.

---

Decided 2 July, 1907.