[No. 7764. Decided March 23, 1909.]

BENJAMIN GERBER, *Appellant*, v. MAURICE GERBER,
*Respondent*.[1]

PLEADING—AMENDMENT — AFTER TRIAL — DISCRETION. It is dis-
cretionary to refuse to allow an amendment of the complaint, after
the defense of an account stated had been tried out, where it would
have necessitated a retrial on new issues, with a shifting of the
burden of proof.

PLEADING—INCONSISTENT DEFENSES—DEPARTURE. In an action for
an accounting, in which the defense was an account stated, a reply
denying the statement of the account and a defense that the ac-
count stated was procured by fraud, are inconsistent defenses.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered December 20, 1907, upon findings
in favor of the defendant, in an action for an accounting
etc.   Affirmed.

*Philip Tworoger* (*Joseph M. Glasgow*, of counsel), for
appellant.

*Leopold M. Stern*, for respondent.

DUNBAR, J.—Plaintiff sued defendant below for an ac-
counting and cancellation of a mortgage.   The material part
of the defendant's defense was that the defendant and plain-
tiff had had an accounting, and that there was an account
stated and a full agreement arrived at in relation to the con-
troversy between them; that the account stated was in favor
of the defendant for the sum of $1,094.18; and that, subse-
quently to said agreement, he had advanced to the plaintiff
under said agreement the further sum of $181.50, alleging
that there was then due and owing to the defendant the sum
of $1,275.68, with interest.   The plaintiff's reply was a de-
nial of the affirmative allegation of the answer.   The court

[1]Reported in 100 Pac. 735.

found upon the trial of the cause that there had been an account stated, and entered a judgment for defendant, substantially as prayed for in the answer. From this judgment this appeal is taken.

It is contended by appellant that the court erred in refusing to allow him to amend his complaint by alleging, in substance, that, if there was an account stated, it was procured by fraud. In addition to the fact that there had been no offer to amend until after the question of whether an account had been stated had been tried out and decided against the appellant, so that the amendment would have necessitated a retrial of the case on new issues, with a shifting of the burden of proof, and that under such circumstances we would not interfere with the discretion of the court, we think the defenses were inconsistent under the rule announced in *Seattle Nat. Bank v. Carter*, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177. The testimony offered in relation to the fraudulency of the transaction was not admissible under the pleadings.

So far as the merits of the controversy are concerned, an examination of the record convinces us that the overwhelming weight of the testimony sustains the judgment of the court. The judgment will therefore be affirmed.

FULLERTON, CHADWICK, MOUNT, CROW, and GOSE, JJ., concur.