[No. 8509.    Department One.    October 4, 1910.]

## William M. McKim, *Appellant*, v. Andrew R. Porter *et al.,* *Respondents.*[1]

Judgment—Bar—Direction of Verdict—Form—Conclusiveness. A judgment reciting that the defendant challenged the legal sufficiency of the evidence and moved the court to decide, as a matter of law, that the defendants were entitled to a verdict in their favor, and that the jury be discharged and judgment entered in favor of the defendants upon the ground that the plaintiff failed to prove a sufficient cause for the jury and granting the motion in all things, is a judgment on the merits and a bar to another action, under Rem. & Bal. Code, § 340, requiring the court to decide, as a matter of law, what verdict shall be found, etc.; and not a judgment of nonsuit, under Id., § 408, for plaintiff's failure "to prove a sufficient cause for the jury" (Rudkin, C. J., and Gose, J., dissenting).

Appeal from an order of the superior court for Spokane county, Webster, J., entered October 28, 1909, in favor of the defendants, upon withdrawing the case from the consideration of the jury after a challenge to the sufficiency of the evidence.    Affirmed.

*Edwin E. Heckbert* and *Belden & Losey*, for appellant.

*E. C. Macdonald* and *H. M. Stephens*, for respondents.

Morris, J.—The only question submitted on this appeal is the character of the following judgment, whether it be one of nonsuit, or upon the merits and a bar to a subsequent action:

"This cause came regularly on for trial before the court and a jury on the 3d day of June, A. D. 1907, the plaintiff appearing in person and by counsel and the defendants ap-

[1]Reported in 110 Pac. 1073.

pearing by their counsel. The plaintiff introduced his evidence and rested, whereupon the defendants challenged the legal sufficiency of the evidence and moved the court to decide, as a matter of law, that the defendants were and are entitled to a verdict in their favor, and that the jury be discharged from further consideration of the case, and that judgment be entered in favor of the defendants, that plaintiff take nothing herein upon the ground that the plaintiff failed to prove a sufficient cause for the jury.

"The court having considered said motion and being fully advised in the premises does hereby in all things grant said motion, and it is hereby ordered. and adjudged that the plaintiff take nothing herein, and that the defendants recover their costs and disbursements to be taxed by the clerk.

"Done in open court this 6th day of June, A. D. 1907.

"Wm. A. Huneke, Judge."

The motion upon which the judgment was entered does not appear of record, except as it is contained in the judgment itself. As so contained, we are of the opinion that it was not a motion for a nonsuit, as contended for by appellant, but rather a challenge to the sufficiency of the evidence, and required the court to decide, as a matter of law, what verdict should be found. Appellant contends that the judgment follows Rem. & Bal. Code, § 408, reading:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"8. By the court upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient cause for the jury."

The motion, however, as embodied in the judgment, went much farther than to ask the court to rule that plaintiff had failed to prove a sufficient cause for the jury. It not only called the insufficiency of the evidence to the court's attention, but "moved the court to decide as a matter of law that the defendants were and are entitled to a verdict in their favor, and that the jury be discharged from further consideration of the case and that judgment be entered in favor of defendants." The court, under this motion, was called upon to rule

not only that "plaintiff had failed to prove a sufficient cause for the jury," as provided for in § 408, *supra,* and is in effect a negative finding, but the motion called upon the court to go farther and hold that the evidence affirmatively showed that defendants were entitled to judgment and that the verdict should be in their favor. The motion was manifestly made under Rem. & Bal. Code, § 340, providing that,

"In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision."

We have, without exception, held that judgments granted under this section are judgments upon the merits. *Spokane & Idaho Lumber Co. v. Loy,* 21 Wash. 501, 58 Pac. 672, 60 Pac. 1119; *Bartelt v. Seehorn,* 25 Wash. 261, 65 Pac. 185; *Weir v. Seattle Elec. Co.,* 41 Wash. 657, 84 Pac. 597; *Sweeney v. Waterhouse & Co.,* 43 Wash. 613, 86 Pac. 946; *Morris v. Warwick,* 42 Wash. 480, 85 Pac. 42; *McGuire v. Bryant Lumber & Shingle Mill Co.,* 53 Wash. 425, 102 Pac. 237.

As stated in *Morris v. Warwick, supra,* this section, in referring to the sufficiency of the evidence, characterizes it as "the legal sufficiency," while in § 408, reference is made to the probative sufficiency of the evidence. If the evidence does not prove the plaintiff's case, it is a case for a nonsuit, but if the case as alleged is established but its legal sufficiency is denied by the court, the judgment rendered upon such a denial is under § 340 and is a bar.

There were two affirmative defenses pleaded, and it may have been that, in the judgment of the court, one or both of these defenses were established by plaintiff's evidence, as in *Bartelt v. Seehorn, supra.* Such a ruling would in no sense be one of nonsuit, but would be a finding upon the merits.

Appellant cites *Bartelt v. Seehorn, supra,* in saying, "A

judgment of nonsuit or of dismissal entered by the trial court
on motion of the defendants when the plaintiff fails to prove
a sufficient cause for the jury is not a bar." Such undoubt-
edly is the rule, but there is a wide distinction between a dis-
missal granted because of failure of proof, and a dismissal
and judgment granted because the court holds defendant
entitled to a judgment on the merits upon the plaintiff's evi-
dence. The judgment before us is of the latter kind, from its
own recitals. Appellant also cites and relies upon *Carroll v.
Grande Ronde Elec. Co.*, 49 Ore. 477, 90 Pac. 903, but the
statute construed in that case is similar to Rem. & Bal. Code,
§ 408, and any dismissal thereunder could not be other than
one of nonsuit.

We are of the opinion that the judgment is one upon the
merits, and is a bar to any subsequent action upon the same
cause. The judgment of the lower court is therefore affirmed.

FULLERTON, J., concurs.

CHADWICK, J. (concurring)—The object of the statute of
1895 (Rem. & Bal. Code, § 340), was to make a demurrer to
the evidence effective, and a judgment rendered thereon a
judgment on the merits. There is much reason to sustain the
statute. If the plaintiff has submitted all his facts and a
court would be bound to set the verdict aside or to grant a
new trial in case a verdict was rendered, it should have, and
by this statute is given, the power of ordering a judgment,
rather than going through the useless form of directing a
verdict with its consequent detail and formality. The party
is not without remedy. He may appeal as from any other
judgment on the merits. The proceeding is not a novel one.
At common law and under the statutes a demurrer to the com-
plaint, if sustained, warrants a judgment on the merits. So
a motion for a judgment upon an opening statement, or a
judgment upon the pleadings, or a motion for judgment when
all the evidence is in, is sustained as a judgment upon the
merits.

In Montana and Nevada, statutes similar to our own are to be found. Our statute, § 408, Rem. &. Bal. Code, is the same as § 3246, Compiled Laws of Nevada, with the exception that it is there provided that, if the case is dismissed under the first two subdivisions of the statute, it will operate as a judgment of nonsuit; but in every other case, including the ground that the plaintiff has failed to make out his case, the judgment shall be on the merits. The statute of 1895 goes no further than this. Nor is a court robbed of its discretion, in my judgment, to grant a judgment of nonsuit strictly by the interposition of a motion for judgment. If it appears to the court that the failure of the plaintiff results because of the mistaken jurisdiction of the court, or for mere lack of proof that may be supplied in a subsequent action, it is within the power of the court to direct a judgment, not upon the merits, but of nonsuit. The statute says that the court shall direct a judgment "in accordance with its decision." On the other hand, if it appears that the plaintiff has made his whole case and that a different case could not be made upon a new trial, and in the judgment of the court the testimony is insufficient to sustain a verdict and judgment, the court should enter a judgment upon the merits, leaving the party to his appeal. This construction gives effect to both statutes, and insures their harmony. The Oregon case, as is said by Judge Morris, is in line with the general rule, but can have no application here because of our local statute. Reference to the case of *Wilcox v. Parker*, 120 U. S. 89, cited in the Oregon case, will show that, under the Nevada statute, a judgment such as the one we have before us was sustained as a judgment on the merits, the court holding that the Nevada statute worked an exception to the general rule.

I concur in the foregoing opinion.

RUDKIN, C. J. (dissenting)—I dissent. Section 408, Rem. & Bal. Code, provides that, "An action may be dismissed, or a judgment of nonsuit entered in the following cases: . . .

8. By the court upon motion of the defendant, when upon the trial, the plaintiff fails to prove a sufficient cause for the jury." Section 410, Id., provides that "When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause." Section 340, Id., enacted in 1895, provides that "In cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case and direct judgment to be entered in accordance with its decision." These two enactments cover entirely different fields and should not be confounded.

Prior to the enactment of § 340, *supra*, if a dismissal or nonsuit was granted, on motion of the defendant, for failure of the plaintiff to prove a sufficient cause for the jury, the jury was discharged, and a judgment of dismissal or nonsuit followed. No verdict was directed or found. If, on the other hand, the court decided on the trial of an action on the merits that the plaintiff or the defendant was entitled to a verdict as a matter of law, it directed the jury to find and return a verdict in accordance with its decision, upon which a final judgment was entered. The sole purpose of the act of 1895 was to dispense with the necessity of compelling trial judges to direct juries to find and return verdicts, which might, or might not, meet their approval, and the later act in no manner conflicts with the preexisting law relating to involuntary nonsuits, or to the effect of such judgments as a bar to another action for the same cause.

But, as I understand the majority opinion, the act of 1895 entirely supersedes the act relating to involuntary nonsuits and their effect. There are two reasons why this view should not be adopted. First, because repeals by implication are not favored; and second, because there is no real conflict between the two acts. The act of 1895 has no reference what-

ever to involuntary nonsuits, or to judgments entered at the close of plaintiff's testimony. It provides that, when the legal sufficiency of the evidence is challenged, and the court shall decide as a matter of law what verdict shall be found, etc. No verdict was ever found on motion for a nonsuit under any system of practice with which I am familiar, and the court is not called upon, by such a motion, to decide what verdict should be found. The very object of the motion is to prevent the finding of a verdict or a judgment on the merits.

In discussing the difference between a judgment of nonsuit and a judgment directed under the act of 1895, in *Weir v. Seattle Elec. Co.*, 41 Wash. 657, 84 Pac. 597, we said: "The only substantial difference between the two judgments is, that the former is *res adjudicata*, while the latter is not, unless based upon some affirmative finding." In *Fisk v. Tacoma Smelting Co.*, 49 Wash. 514, 95 Pac. 1082, speaking of the statute relating to nonsuits, we said: "It will be seen at a glance that the terms of the statute are so certain and definite as to preclude construction." I still adhere to these views. The effect of a judgment of nonsuit under a similar statute was considered by the supreme court of Oregon in *Carroll v. Grande Ronde Elec. Co.*, 49 Ore. 477, 90 Pac. 903, and after a full review of the authorities, the court reached the conclusion that a judgment of nonsuit is not a bar to another action for the same cause, regardless of its form. The court there criticised the decision of this court in *Bartelt v. Seehorn*, 25 Wash. 261, 65 Pac. 185, where it was held that a judgment of nonsuit in a personal injury case was a bar to another action for the same cause, when the judgment recited that the nonsuit was granted because of contributory negligence on the part of the plaintiff. But that question is not involved here, and on the general question as to the effect of a nonsuit, the Oregon case is amply supported by authority. In fact there are none to the contrary. Nor is the form of the judgment material, so long as it contains no affirmative adjudication. Freeman, Judgments, § 260. Our

own practice is in harmony with these views. How often has it been assigned as error that the court denied a motion for a nonsuit at the close of plaintiff's case, and a motion for a directed judgment at the close of all the evidence? It may be argued that there is no reason why a plaintiff should be permitted to commence a new action for the same cause, after the court has once decided that his testimony is not sufficient to warrant a recovery; but such has always been the law, and argument in favor of a change should be addressed to the legislature and not to the courts.

Gose, J., concurs with Rudkin, C. J.

On Rehearing.
[En Banc.  March 22, 1911.]

Per Curiam.—Upon a reargument of this case *en banc*, the judgment will be affirmed for reasons assigned in the former opinion.