[No. 8898. Department One. November 21, 1910.]

JULIUS ALBERG, *Appellant*, v. CAMPBELL LUMBER COMPANY, *Respondent.*[1]

JUDGMENT—CONCLUSIVENESS—BAR—NONSUIT—IMPEACHMENT. A judgment at the close of plaintiff's case upon defendant's motion for a nonsuit, expressly granting a nonsuit, and for defendant's costs, is not a bar to another action, under the provisions of Rem. & Bal. Code, §§ 408-410; and its plain recitals cannot be controverted by a showing that it was in fact on the merits.

Appeal from an order of the superior court for King county, Gay, J., entered February 15, 1910, upon granting a nonsuit, dismissing an action for personal injuries. Reversed.

[1]Reported in 111 Pac. 775.

*William Martin* and *Julius L. Baldwin*, for appellant.

*Hastings & Stedman*, for respondent.

MOUNT, J.—This is an action for personal injuries. It appears that the case had been brought and tried to a jury upon a former occasion. Upon that trial the court entered the following order, omitting the formal parts:

"This cause coming on for hearing on the 4th day of March, 1908, before the Hon. R. B. Albertson, judge, sitting with a jury, the plaintiff appearing in person and by his attorney William Martin, and the defendant by its officers and attorneys, Messrs. Hastings & Stedman, the plaintiff introduced his evidence and rested. Thereupon the defendant moved for a nonsuit and the court, after hearing arguments and being advised in the premises, granted defendant's said motion. Thereafter the plaintiff moved for a new trial, which said motion was by the court denied on March 25, 1908. It is therefore on motion of the defendant ordered that a judgment of nonsuit be entered herein. Wherefore it is ordered, considered, and decreed that the complaint of the plaintiff be dismissed, and that the defendant have and recover its costs and disbursements from the plaintiff, from which said judgment and order denying the plaintiff's motion for a new trial, plaintiff excepted and his exception is allowed."

When this order and the record of the former trial were introduced in evidence, the trial court dismissed the action, upon the ground that the order above quoted was *res adjudicata.* The plaintiff has appealed from this order of dismissal.

The only question in the case is whether the order of dismissal in the former action was a judgment upon the merits. The statute provides:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases. . . . 8. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient cause for the jury." Rem. & Bal. Code, § 408.

"In every case, other than those mentioned in the last section, the judgment shall be rendered on the merits." Rem. & Bal. Code, § 409.

"When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause." Rem. & Bal. Code, § 410.

The judgment in the former action recites:

"The plaintiff introduced his evidence and rested. Thereupon the defendant moved for a nonsuit and the court, after hearing arguments and being advised in the premises, granted defendant's said motion. . . . It is therefore, on motion of the defendant, ordered that a judgment of nonsuit be entered herein."

It is plain that the order upon its face is nothing more than a judgment of nonsuit, and that, under the statute, such order is not a bar to another action for the same cause.

Respondent, however, contends that the whole record of the former trial shows that the order was made upon the merits of the case. The whole record of that trial was introduced in evidence. The statements of the trial judge in reviewing the evidence offered upon that trial, no doubt, show that a judgment might have been entered upon the merits and the action then finally determined. But the court was not asked to pass upon the merits of the case. The motion was for a nonsuit, and a nonsuit was granted. Conceding that the court might have passed upon the merits and entered a judgment thereon, upon the motion being made for a nonsuit, he did not do so, for the final judgment entered shows upon its face distinctly and directly that he granted only a nonsuit. There may have been some good reason in the mind of the judge for this ruling. If the judgment upon its face were ambiguous or doubtful in any material respect, it may be the rule that the whole record may be resorted to to show what was decided. But no case is called to our attention where it has been held that the plain recitals of a judgment may be contradicted by other parts of the record or by extraneous evidence. The judgment is the final decision upon the record, and where it is plain and specific, it must control, and may not be contradicted in another case or in a collateral

proceeding.    As was said in the case of *Hatch v. Wayne Circuit Judge*, 138 Mich. 184, 101 N. W. 228:

"The law touching the question under consideration is correctly stated in Greenleaf on Evidence (16th ed.) 305g, as follows:    'The record is, in legal theory, not a testimonial report by the officer of the proceedings, nor a copy of some other written act; it is the proceeding and the act itself; . . . consequently it cannot be shown that something was done which is not noted in the record, or that a thing noted in the record was in truth done differently.'    It follows that if there was, as relator claims, error in entering a judgment on the merits, he can obtain relief by, and only by, having the judgment entry corrected; and this relief must be sought in the court that erred, or in a court having appellate jurisdiction."

When a judgment recites that it is upon the merits, or *vice versa*, it may not be shown to be otherwise in a collateral proceeding.    Any other rule would lead to endless confusion and litigation.    The case of *Bartelt v. Seehorn*, 25 Wash. 261, 65 Pac. 185, and the recent case of *McKim v. Porter*, *ante* p. 270, 110 Pac. 1073, and cases of that character, are readily distinguished from this case, because there the judgments show that the decisions were upon the merits; while in this case, the judgment is a plain, straightforward nonsuit, and nothing more, which the statute provides is not a bar to another action for the same cause.    The trial court was therefore in error in ruling that the former judgment was a bar.

The order appealed from must be reversed, and the cause remanded for trial.

RUDKIN, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.