[No. 9840.   Department One.   January 10, 1912.]

J. G. GIBSON, *Appellant*, v. M. FEENEY, *Respondent*.[1]

PLEADING—ANSWER—INCONSISTENT DEFENSES. A general denial of the execution of a note is not inconsistent with an affirmative defense alleging the securing of defendant's signature by fraud while intoxicated, and want of consideration.

BILLS AND NOTES—ACTIONS—ANSWER—FRAUD—SUFFICIENCY. An answer states a good defense to an action upon promissory notes, where it alleges that the defendant's signature was procured by fraud while he was so intoxicated that he did not know what he was doing and that the consideration for which the notes were given never passed.

APPEAL—REVIEW—HARMLESS ERROR. In an action upon a note, error in ruling upon a cross-complaint relating to a second note not yet matured, is harmless where the issues thereon were tried out upon a supplemental complaint and answer after maturity of the second note.

BILLS AND NOTES—DEFENSES—FRAUD—ESTOPPEL TO ASSERT DEFENSE. Failure to promptly deny liability on notes, procured by fraud while intoxicated, does not estop the defendant from asserting his defense, where he then claimed that he had no recollection of signing the notes.

Appeal by plaintiff from a judgment of the superior court for Douglas county, Steiner, J., entered December 8, 1910, upon the verdict of a jury rendered in favor of one of the defendants, in an action on a promissory note.   Affirmed.

*W. A. Reneau* and *G. G. Hannan*, for appellant.

*Canton & Hensel*, for respondent.

[1]Reported in 120 Pac. 97.

PARKER, J.—This action was originally commenced by the plaintiff on January 4, 1910, to recover from the defendants the sum of $1,150, together with interest, upon a promissory note alleged to have been executed jointly by the defendants on October 26, 1908, payable to the plaintiff on October 26, 1909. The defendant M. Feeney answered separately, denying the execution of the note by himself, and denying generally the allegations of the complaint, except as expressly admitted in his affirmative defense, which is as follows:

"That on the 3d day of November, 1908, the said plaintiff J. G. Gibson, pretending to be the owner of a certain jackass named 'Jack Bryan,' approached the defendant with the proposition to sell the same to him. That this defendant then and there informed the said Gibson that he did not want to purchase this said jackass or any other jackass and that he had no use for the same.

"That thereafter on said day, the same being the general election day in the state of Washington, the said plaintiff, J. G. Gibson, confederating with two notoriously insolvent horse traders, to wit, W. O. Houston and Peter Snyder, co-defendants named in plaintiff's complaint herein, and with intent and for the purpose of cheating and defrauding this defendant, plied this defendant with intoxicating liquors during the afternoon and evening of said day, until he became so notoriously intoxicated and stupid from drinking the said liquors as to be unable to make, comprehend or enter into any contract or deal of any kind, with any understanding of its contents, conditions, force and effect whatever.

"That the said J. G. Gibson, having as aforesaid gotten this defendant into a stupor, from plying him with liquors, and by trick and deception, and with the aforesaid purpose and design of cheating and defrauding this defendant and under the pretense of selling defendant a jackass named 'Jack Bryan,' secured this defendant's signature, as defendant has learned and been informed within a few weeks prior to the commencement of plaintiff's above entitled action, to two notes, one being the note set out in plaintiff's complaint herein, to wit, for $1,150 drawing 8% per cent interest and

payable October 26th, 1909, the other being for $1,150 drawing 8% interest and due and payable Oct. 26th, 1910.

"That the defendant never intended to sign said note, has no recollection of having signed the same, and on or about December 1st, 1909, for the first time learned that his name was signed to said note.

"That this defendant did not purchase, and has not purchased or received any jackass or other thing of value at any time, in any manner, or at all, from said plaintiff J. G. Gibson, or from anybody acting for him or in his behalf, and has received no consideration or other thing of value whatever for said note, in any manner, or at all."

He also further pleaded, as a cross-complaint, the same facts, in substance, and prayed that the plaintiff be enjoined from asserting any demand against him upon the second note which had not then matured. The plaintiff then moved the court to require the defendant Feeney to elect whether he would, in the trial of the cause, rely upon his denials or upon his affirmative defense, basing the motion upon the ground of inconsistency in these defenses. This motion being denied by the court, the plaintiff demurred to the affirmative defense, which was by the court overruled. The plaintiff also attacked the cross-complaint by motion and demurrer, both of which were overruled by the court. The plaintiff thereupon replied to the affirmative defense, and answered the cross-complaint. This all occurred before October 26, 1910, the date of the maturity of the second note. Thereafter the plaintiff filed a supplemental complaint, bringing the second note into the cause, seeking recovery thereon as well as upon the first note. Pleadings followed which made the issue thereon the same as upon the first note. A trial before the court and a jury resulted in a verdict and judgment in favor of the defendant Feeney. The rights of the plaintiff as against the other defendants are not here involved. The plaintiff has appealed.

It is first contended that respondent's denial of the execution of the notes and his affirmative defense are inconsistent,

and that the court erred in not requiring the election moved for by appellant. We are not able to agree with this contention. It is fully answered by the holding of this court in *Loveland v. Jenkins-Boys Co.*, 49 Wash. 369, 95 Pac. 490, as follows:

"Pleadings are construed according to their legal effect, and it is not a legal execution of a contract to procure the maker's signature thereto by trickery and fraud, and when a person so defrauded is sued upon the purported contract, he may properly deny its execution and plead affirmatively the fraud practiced upon him by which he was induced to apparently execute it."

See, also, *Yakima Valley Bank v. McAllister*, 37 Wash. 566, 79 Pac. 1119, 107 Am. St. 823, 1 L. R. A. (N. S.) 1075; *Seattle Nat. Bank v. Carter*, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177. In the last cited case the question of inconsistent defenses was critically examined; and while in that case the defenses were held to be inconsistent, the discussion of the question, and the authorities there cited, show that these defenses are not inconsistent. They do not assert contradictory facts. Respondent may have physically signed the notes, yet may not have executed them in a legal sense. Some reliance is placed upon *Gerber v. Gerber*, 52 Wash. 253, 100 Pac. 735, in behalf of appellant. A remark which is made in that decision may seem to be out of harmony with the *Loveland* case above quoted from; but it, in any event, was only *dictum*, and the case did not necessarily rest upon a question of inconsistent defenses. We think the prior decisions we have cited control this case, and that there was no error in denying the motion to require an election.

It is contended by counsel for appellant that the demurrer to respondent's affirmative defense should have been sustained. The argument seems to proceed upon the assumption that respondent is trying to avoid the notes, as existing written contracts, by pleading want of consideration, want of capacity to contract, and fraud, and that the sufficiency of the

affirmative defense is to be tested as though these defenses were being relied upon in their technical sense. For instance, it is insisted that want of consideration is not well pleaded because it does not appear from the affirmative answer but that consideration did pass to the other signers of the notes, which it is argued would be a sufficient consideration to support the notes as against all the signers. It is, however, apparent that the facts pleaded affirmatively are for the purpose of showing that there never was any execution of the notes in law. These facts are not pleaded to show a right to avoid an existing contract as to which the minds of the parties had met, but to show that there never was any contractual meeting of the minds of the parties. We are not then concerned with a technical question of pleading such as counsel for appellant seems to have in mind. The facts pleaded in defense are, in substance, that appellant knowingly procured respondent's signature to these notes when he was unable to comprehend what he was doing, and also that no consideration whatever passed to respondent therefor; that is, that he never received any of the property for which it is claimed the notes were given in payment. This last allegation simply negatives a possible estoppel which might be claimed against respondent, and is not of the essence of the defense. It also shows that rescission is not involved, since respondent received nothing which he was required to, or could, return to appellant. We think the facts pleaded constitute a good defense, and that all grounds of estoppel which might ordinarily arise against respondent upon such state of facts are negatived.

Some contention is made upon the court's rulings touching the sufficiency of respondent's cross-complaint, which was attacked by demurrer. Since the cross-complaint related wholly to the second note and sought its cancellation before maturity, and appellant after its maturity sought by supplemental complaint to recover upon it as upon the first note, the rulings of the court upon the cross-complaint then ceased

to be of any moment in the case.   At the trial nothing was involved but appellant's right to recover upon both notes, as if both had been sued upon at the commencement of the action.

It is contended that the evidence fails to support the verdict and judgment.   A careful reading of the entire record convinces us that this contention cannot be sustained.   There is ample evidence in the record to support the judgment, though the evidence is not free from conflict.   The jury were fully warranted in believing that the facts existed substantially as alleged in the affirmative defense above quoted.   The evidence pointing to the part appellant, through his agent, played in procuring the intoxication of respondent is not as certain as it might be; but that he knew of respondent's extremely intoxicated condition, and took advantage of it, as alleged, there is ample evidence to warrant the jury in believing.   Some contention is made that respondent did not promptly deny liability on the notes when learning of his signature thereon.   The evidence indicates that he did not see the notes until a short time prior to the commencement of this action.   In his talks with an agent of appellant prior to that time, the notes were not present.   While in those conversations he did not positively deny that his signature was on the notes, as claimed by the agent of appellant, he did claim to have no remembrance of signing them.   He did not admit liability on them at any time.   We think respondent has done all legally required of him to avoid liability, especially in view of the fact that the rights of innocent parties are not involved.

Other assignments, we think, are without merit, and we regard discussion of them unnecessary.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.