[No. 13523.  *En Banc.*  January 9, 1918.]

R. R. NANCE, *Appellant*, v. J. B. VALENTINE, *Respondent.*[1]

FRAUDS, STATUTE OF — BROKER'S COMMISSIONS — SUFFICIENCY OF MEMORANDUM.  A contract for a broker's commission on a sale of "my property, the 667 acre hay ranch located near Cataldo, Idaho," is not sufficiently definite as to the description to constitute a compliance with Rem. Code, § 5289, requiring such contracts to be in writing (ELLIS, C. J., MORRIS, MAIN, and HOLCOMB, JJ., dissenting).

SAME—BROKER'S COMMISSIONS — CONTRACT — EXTRINSIC EVIDENCE. An indefinite contract for a broker's commission, void under the statute of frauds, cannot be aided by resorting to a description in a contract for the exchange of the property where the writings upon their face made no reference to each other, as that would in effect defeat the statute.

SAME.  An agreement for a broker's commission "providing an exchange" of property to be made, cannot be construed as an agreement to pay for past services, to take it out of the operation of the statute of frauds, Rem. Code, § 5289.

PLEADING—DEFENSES—INCONSISTENCY—BROKER'S COMMISSIONS.  In an action for a broker's commission, a denial of the allegations of the complaint is not inconsistent with and does not preclude the defense of the statute of frauds.

DISMISSAL AND NONSUIT—MOTION—JUDGMENT ON MERITS.  In an action for a broker's commission, in which it appeared that, after the close of plaintiff's case, the contract was void under the statute of frauds, and the statute was affirmatively pleaded, defendant's motion for judgment is more than a motion for nonsuit, and he is entitled to a dismissal on the merits with prejudice.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 3, 1916, upon findings in favor of the defendant, in an action on contract, tried to the court.  Affirmed.

*A. O. Colburn*, for appellant.

*Ernest E. Sargeant*, for respondent.

PER CURIAM.—The plaintiff, Nance, as assignee of Nance-Heiner Realty & Specialty Company, seeks recovery of what

[1]Reported in 169 Pac. 862.

he alleges to be a commission agreed to be paid to that company by the defendant, Valentine, for effecting an exchange of his real property. Trial in the superior court without a jury resulted in findings and judgment in favor of the defendant, made and rendered at the close of the plaintiff's evidence on motion in that behalf then made by his counsel. From this disposition of the cause, the plaintiff has appealed to this court. The principal ground upon which the judgment is rested is that there is no sufficient contract for the services claimed to have been rendered by Nance-Heiner Company evidenced in writing as required by statute.

On July 31, 1914, respondent and one Blue entered into a contract for the exchange of certain lands owned by each, respectively. The Nance-Heiner Company was not a party thereto. The contract did not consummate an exchange of the lands, but was only a contract for an exchange and contemplated the doing of certain things by each of the parties thereto before an exchange would be consummated. The Nance-Heiner Company apparently brought the parties together as the agent of respondent, though up to that time no writing had ever been executed evidencing any such employment of it by respondent. On that day the following writing was executed, and we shall assume, for argument's sake, that the Nance-Heiner Company became a party thereto by the same being delivered to and accepted by it.

"Spokane, Washington, July 31, 1914. Commission Agreement.

"I hereby agree to pay the Nance-Heiner Realty & Specialty Co., $800 providing an exchange is made of my property, the 667 acre hay ranch located near Cataldo, Idaho.
                                        "J. B. Valentine."

This is the only written contract having any reference to the payment of commission or compensation to the Nance-Heiner Company to which it is a party.

The sufficiency of the land description in this commission contract, in the light of Rem. Code, § 5289, requiring such

contracts to be evidenced in writing, is the principal question here presented. In the late case of Rogers v. Lippy, ante p. 312, 169 Pac. 858, we held such a description not sufficient to satisfy the statute. We deem it unnecessary to review the law on this question further than was done in the Rogers case. We held the contract unenforcible for want of sufficient land description. In other words, because the contract is not evidenced in writing as required by Rem. Code, § 5289.

It is contended by counsel for appellant that, under the pleadings and the evidence, this contract and the one between respondent and Blue for the exchange of lands should be read together to the end that the description in this contract be aided by the description in the exchange contract. This contract makes no reference whatever to the exchange contract or to any other contract. That would be aiding the description by resorting to something to which this contract makes no reference whatever. To do this would be in effect to defeat the statute. In Broadway Hospital and Sanitarium v. Decker, 47 Wash. 586, 92 Pac. 445, it was attempted to aid the description in one written contract by reference to another when the writings upon their face made no reference to each other. Holding that this could not be done in view of the statute of frauds, Chief Justice Hadley, speaking for the court, said:

"The two writings upon their face bear no relation to each other, and the description in the first is therefore not aided by reference to the second."

Our decision in Gilman v. Brunton, 94 Wash. 1, 161 Pac. 835, contains language in harmony with this view.

Some contention is made in appellant's behalf that he ought to be allowed to recover upon the theory that it is shown by the evidence in this case that the services of the Nance-Heiner Company were completed when this contract was evidenced in writing, and that it should be construed as a promise to pay for past services, relying upon our decision in

*Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 26 L. R. A. (N. S.) 519, holding in substance that completed services of this nature, though performed without the sanction of a written contract, constituted a sufficient moral obligation to support a promise in writing to pay therefor. The trouble with counsel's contention is that we do not construe this writing as a promise to pay for past services. It is silent upon that question. Not only is extrinsic evidence required to show that the services were completed, but the contract, by its own terms, is not a promise to pay unconditionally for such services, since they are in no event to be paid for until the exchange is consummated, which might never occur. We think this is not such an absolute promise as falls within the rule announced in the *Muir* case, but is an attempted execution of a contract to employ an agent to exchange real estate, or possibly a contract recognizing that such employment existed at the time of its making, which we think, in so far as Rem. Code, § 5289, is concerned, is the same thing.

Respondent, by his answer, not only denied the allegations of appellant's complaint so as to put appellant to the necessity of proving his case, but also set up the defense of the statute of frauds, that is, that the contract for commission was void for want of being evidenced in writing, and also, as another affirmative defense, set up certain set-offs. Some contention is made that these defenses were so inconsistent that the claim of set-off amounts to a waiver of the defense of the statute of frauds. The decisions of this court, we think, clearly hold to the contrary. In *Davis v. Seattle Nat. Bank,* 19 Wash. 65, 52 Pac. 526, Chief Justice Scott, speaking for the court, said:

"We are of the opinion that a defendant may deny liability, and at the same time set up a counterclaim or off-set, or allege payment, in all cases where there is no direct contradiction in the special facts pleaded, and there is none such here. *Corbitt v. Harrington,* 14 Wash. 197, 44 Pac. 132."

In *Irwin v. Holbrook*, 32 Wash. 349, 73 Pac. 360, and *Irwin v. Buffalo Pitts Co.*, 39 Wash. 346, 81 Pac. 849, denial of liability and the pleading of the statute of limitation were held not to be inconsistent defenses. Our later decision in *Gibson v. Feeney*, 66 Wash. 531, 120 Pac. 97, is in harmony with this view.

It is contended in appellant's behalf that the court erred in entering a judgment which is, in effect, a final judgment upon the merits with prejudice against appellant. As we construe the motion made by counsel for respondent asking for judgment at the close of appellant's evidence upon the trial, it is more than a mere motion for nonsuit. It is in effect a motion for judgment in respondent's favor upon the merits, and in view of the fact that appellant's pleadings and evidence showed that he was seeking recovery upon this commission contract, and it appeared at the close of his evidence that the contract was void under the statute of frauds, it then affirmatively appeared that he could not recover in any event, regardless of any further showing he might make in another action. It is not a case of mere failure of proof, but, as the case then stood, it affirmatively appeared that respondent was entitled to a final judgment upon the merits with prejudice against the right of appellant to commence another action. In *McKim v. Porter*, 60 Wash. 270, 110 Pac. 1073, Judge Morris, speaking for the court, said:

"There were two affirmative defenses pleaded, and it may have been that, in the judgment of the court, one or both of these defenses were established by plaintiff's evidence, as in *Bartelt v. Seehorn, supra* (25 Wash. 261, 65 Pac. 185). Such a ruling would in no sense be one of nonsuit, but would be a finding upon the merits."

In this case respondent's affirmative defense of the statute of frauds was affirmatively shown by appellant's own pleadings and evidence.

Other contentions made in appellant's behalf we think do not require discussion. Mrs. Valentine, wife of the respond-

ent J. B. Valentine, is also a defendant and respondent in this action. We have referred to J. B. Valentine as though he were the sole defendant, merely to facilitate expression.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

The views of the minority of the court upon sufficiency of the description in the involved contract are as expressed in *Rogers v. Lippy, ante* p. 312, 169 Pac. 858.