[No. 25730. Department One. January 6, 1936.]

MATIE E. LINTON, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.[1]

*W. F. Van Ruff* and *Arthur H. Shoemaker*, for appellant.

*Wm. H. Pemberton* and *John M. Boyle, Jr.*, for respondent.

GERAGHTY, J.—In her amended complaint, plaintiff alleged the death of Cordelia Truax, a resident of Eau Claire, Wisconsin, leaving a last will and testament which was admitted to probate by the probate court of Eau Claire county in that state; that such proceedings were thereafter had in the estate as that the residue was distributed to the heirs entitled thereto, one of them being the plaintiff, by order of the probate court; that, as part of the estate, there were certain bonds of Washington corporations and promissory notes of residents of that state; that the inheritance tax and escheat division of the state of Washington made claim on the executor for an inheri-

[1]Reported in 52 P. (2d) 1239.

tance tax in the sum of $20,410.13 upon these bonds and notes; that, after some effort to effect a compromise, the executors paid, under protest, the sum demanded by the state of Washington as a tax; and that the right of action to recover this sum from the state was included in the residue distributed to the heirs.

The plaintiff instituted this action in her own right as an heir, and by virtue of powers of attorney executed in her favor by the other heirs, to recover from the state the tax so paid under protest. The defendant answered by making certain admissions and denials of the allegations of the complaint, and alleging affirmative matter denied by the plaintiff in her reply. At the close of the plaintiff's case, the court entered judgment dismissing her action with prejudice. This appeal is from the judgment.

Appellant assigns two errors: First, the granting of respondent's motion for dismissal and judgment of nonsuit; and second, the entering of judgment of dismissal with prejudice. The statement of facts having been stricken on motion of the respondent, we have no record before us upon which to determine the merits of appellant's first assignment.

Upon the second assignment, we are aided by the recitals found in the judgment itself. At the close of appellant's case, the respondent moved for a judgment in its favor "upon the ground of the insufficiency of the evidence and that plaintiff failed to establish by evidence certain material allegations" of her case. The court announced that the evidence was insufficient; but that, as it did not wish to enter an order that would have the effect of barring the appellant from the right to have her cause of action fully adjudicated by the court, the motion for dismissal would be denied and the cause continued to a later date. A second continuance having been granted, hearing of the cause

was resumed January 4, 1935, and further evidence was introduced by the appellant,

". . . whereupon . . . the defendant by its attorneys moved the court for a judgment in its favor upon the insufficiency of the evidence, and upon the ground that plaintiff failed to sustain by evidence certain material allegations in her amended complaint . . . and it appearing to the court that plaintiff's evidence was insufficient to sustain said material allegations . . . the court took said motion under advisement and thereafter, to-wit: on the 11th day of January, 1935, granted said motion . . ."

Then followed the formal dismissal of the cause with prejudice.

■ Chapter 89, Laws of 1929, p. 172, § 1, provides:

"An action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases: . . .

"8: Upon the motion of the defendant, when, upon the trial, the plaintiff fails to prove some material fact or facts necessary to sustain his action, as alleged in his complaint. [Rem. Rev. Stat., § 408.] When judgment of nonsuit is given, the action is dismissed, but such judgment shall not have the effect to bar another action for the same cause. [Rem. Rev. Stat., § 410.] In every case, other than those mentioned in this section, the judgment shall be rendered upon the merits and shall bar another action for the same cause. [Rem. Rev. Stat., § 409.]"

Respondent's motion for judgment of dismissal, based on the insufficiency of the evidence and the failure to establish certain material allegations of the amended complaint, was in effect a motion for nonsuit under the provisions of this section, and the judgment of the court should have gone no further than a dismissal, involving no bar to another action. *Lindblom v. Mayar,* 81 Wash. 350, 142 Pac. 695; *Cloukie v. Semple,* 88 Wash. 534, 153 Pac. 319.

The case of *Nance v. Valentine,* 99 Wash. 323, 327, 169 Pac. 862, cited by respondent, does not sustain its contention. There it was said:

"It is not a case of mere failure of proof, but, as the case then stood, it affirmatively appeared that respondent was entitled to a final judgment upon the merits with prejudice against the right of appellant to commence another action."

Here, the judgment is based specifically upon the insufficiency of the evidence; in other words, upon failure of proof to sustain the allegations of the complaint. In *Nance v. Valentine, supra,* it affirmatively appeared that the respondent was entitled to judgment upon the merits.

The cause is remanded to the superior court, with direction to modify the judgment by striking therefrom the words "with prejudice." As so modified, the judgment will stand affirmed. The appellant will have her costs.

TOLMAN, MAIN, MITCHELL, and STEINERT, JJ., concur.