[No. 14776.  Department One.  September 27, 1918.]

GEORGE SILLMAN, *Appellant,* v. SPOKANE SAVINGS &
LOAN SOCIETY, *Respondent.*[1]

CONTRACTS — OFFER AND ACCEPTANCE — CONDITIONAL ACCEPTANCE.
An offer to make a loan on condition that the lender write one-half
of the fire insurance, does not become binding on acceptance with
agreement to write such insurance "upon expiration of present
policies," as the acceptance was conditional.

SAME. An offer to make a loan, the lender adding that "we will
expect" to write half the fire insurance, adds a material condition
that must be accepted unconditionally.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered November 9,
1917, upon findings in favor of the defendant, dismiss-
ing an action on contract, tried to the court. Affirmed.

*Merritt, Lantry & Merritt,* for appellant.
*Hamblen & Gilbert,* for respondent.

FULLERTON, J. — In March, 1917, the appellant,
through his broker, applied to the respondent for a
loan of $30,000 for a period of five years, with inter-
est at the rate of five and one-half per centum per an-
num. In response thereto the respondent mailed to the
broker the following letter:

"Spokane, Washington, April 2nd, 1917.
"Mr. C. H. Rogers, care Rogers & Rogers, City.

"Dear Sir:  Regarding application for Sillman Ho-
tel loan would state that we will make this loan for
five years at 5½ per cent with the privilege of repay-
ments from $1,000 to $5,000 on any interest paying
date. We will expect, however, to write at least one-
half of the fire insurance carried on the building in our
office.                    Yours very truly,
                    "J. L. Cooper, Secretary."

[1]Reported in 175 Pac. 296.

The appellant replied personally, his letter being as follows:

"Spokane, Washington, April 19th, 1917.
"Spokane Savings & Loan Society,
  "Spokane, Washington.
"Gentlemen: I hereby accept the loan applied for, as per your offer of April 2nd, 1917, to C. H. Rogers, of Rogers & Rogers, my agent. I agree to write twenty thousand dollars insurance through your office upon expiration of present policies.    Yours truly,
                        "Geo. Sillman."

On April 26, 1917, the respondent, by letter addressed to the broker, stated that it was not in a position to make the loan and consequently withdrew its proposition. Thereafter the appellant tendered to the respondent an abstract showing title in himself to the hotel property proposed as security for the loan, together with a note for $30,000, and a mortgage upon the property securing the note, and demanded the completion of the agreement claimed to be evidenced by the letters before quoted. The respondent refused to comply with the demand, whereupon the appellant instituted the present action to recover in damages as for a breach of the agreement. After issue joined the action was tried to the court, who made findings and conclusions in favor of the respondent and entered a judgment dismissing the action. The court founded its conclusion on the ground that the letter of the appellant was not an unconditional acceptance of the proposition made by the respondent, and, in consequence, the respondent's proposition was subject to be withdrawn, and was withdrawn by its later letter to which reference is made.

It is our opinion that the conclusion of the court is well founded. The letter of acceptance is not an unconditional acceptance of the proposition made. The proposal includes the requirement that the respond-

ent be permitted to write one-half of the insurance carried upon the mortgaged property, while the acceptance permits the writing of $20,000 only, and this to be done at the expiration of the existing policies. The proposal with respect to the insurance was a material part of the proposition as a whole, and the appellant, to make his acceptance binding and prevent a withdrawal of the proposition, was as much obligated to accept unconditionally that part of the proposition as he was any other of its parts.

The appellant argues that the reference to the insurance was not a material part of the proposal requiring acceptance; that the word "expect" denotes anticipation rather than demand, and hence did not require acceptance unconditionally. We cannot agree with this conclusion. The primary meaning of the word "expect" is doubtless as the appellant construes it, but the word has a secondary meaning, and its true meaning in any writing, like other words which may be used in varying senses, must be determined from the context of the writing and the circumstances surrounding its making. Here we think it plain that the word was used in its secondary sense of demand, rather than in its primary sense of anticipation. Moreover, this is the construction the appellant himself originally put upon the proposal. In his complaint, in setting forth the contract alleged to have been breached, he averred that the proposal contained two conditions not contained in the original application, one of which was "that the defendant [respondent] should write at least one-half (½) of the fire insurance carried on the building covered by said loan."

We find no error in the ruling of the trial court, and the judgment will stand affirmed.

Main, C. J., Mitchell, Parker, and Tolman, JJ., concur.