[No. 15094.   Department Two.   May 13, 1919.]

## SAM KUH, *Respondent,* v. GEORGE C. LEMCKE, *Appellant.*[1]

VENDOR AND PURCHASER (5, 6)—REQUISITES—OFFER TO SELL OR PURCHASE—ACCEPTANCE VARYING FROM OFFER.  Though an agent was authorized by wire to accept a deposit on a proposed sale of lands, the minds of the parties did not meet and there was no binding contract for the sale, where the agent's earnest money receipt stated that the sale was subject to the owner's approval, and the owner declined to accept the terms proposed thereafter by which he was to pay taxes not due and accept seven per cent interest on deferred payments.

FRAUDS, STATUTE OF (35)—CONTRACT FOR BROKER'S COMMISSION—DESCRIPTION OF LAND.  A contract for a broker's commission on the sale of "the north 10 acres of orchard tract seven miles west of T." does not sufficiently describe the land, within Rem. Code, § 5289, requiring the contract to be in writing.

Appeal from a judgment of the superior court for King county, Smith, J., entered September 6, 1918,

[1]Reported in 180 Pac. 889.

upon findings in favor of the plaintiff, upon overruling a demurrer to the complaint and assessing damages, in an action for breach of contract. Reversed.

*Wright & Wright,* for appellant.

*Hal H. Cole* and *Alexander & Bundy,* for respondent.

PARKER, J.—The plaintiff, Kuh, seeks recovery of damages which he claims to have suffered from the refusal of the defendant Lemcke to convey to him a tract of land in Yakima county, in compliance with a contract alleged to have been entered into between them for the sale of the land. The plaintiff also seeks recovery upon a second cause of action for commission for the sale of the land, claimed to have been earned by H. B. Miller, in effecting such sale as the agent of Lemcke, the claim for such commission having been assigned by Miller to the plaintiff. The defendant demurred to both causes of action. The demurrers were overruled by the superior court, and the defendant electing to stand upon his demurrers and not plead further, the court, after hearing evidence as to the amount of damages claimed to have been suffered by the plaintiff because of the defendant's refusal to comply with the alleged sale contract, rendered judgment in his favor upon both causes of action, as prayed for. From this disposition of the case, the defendant has appealed to this court.

The facts controlling the rights of the parties as to both causes of action may be summarized from the allegations of the complaint, as follows: Miller and respondent Kuh reside at Toppenish, in Yakima county. Appellant Lemcke resides at Seattle. The alleged sale and commission contracts are evidenced solely by the following correspondence and earnest

money receipt.   On January 15, 1918, Miller wrote to Lemcke as follows:

"What is your price on the north 10 acres of Orchard tract seven miles west of Toppenish, which I understand belongs to you and what would your terms be thereon and when could possession be given."

On January 17th, Lemcke wrote to Miller saying: "Price should receive now is about $3,000"; suggesting part cash and part time payments, and that the purchaser could receive immediate possession.   On January 19th, Miller wrote to Lemcke as follows:

"I have your letter of the 17th and made known your price to my prospective purchaser who declined same, but stated he would pay $2250 all cash for the property.   You to deed clear and free to all incumbrances and you pay the taxes for the year 1917.   My usual commission on the sale if you accept that price would be $112.50 or five per cent."

On January 21st, Lemcke wrote to Miller as follows:

"Replying to your offer of $2250 cash for my ranch beg to say that I will split the difference with your client of which $1250 can ride 4 yrs. if necessary.   I will pay 5% commission and deliver property free and clear and give immediate delivery.   If satisfactory take deposit of 10%  . . ."

On January 24th, Miller telegraphed to Lemcke as follows:

"Party will pay twenty-five hundred, one-half cash, balance on or before four years.   Wire."

Thereafter on the same day Lemcke telegraphed to Miller as follows:

"Accept deposit on twenty-five hundred dollars, twelve hundred fifty cash, balance four years."

On January 26th, Miller received from Kuh $500, and gave to him the following paper:

(Earnest Money Receipt)                    Jan. 26, 1918.

Received from Sam Kuh the sum of five hundred dollars ($500.00) being earnest money to be applied on the purchase price of $2500 for the premises situated in Yakima county, Wash., described as follows:

North ten acres of E½ of NE¼ 8-10-19 which premises have this day been purchased by said Sam Kuh.

The terms of purchase are as follows: $1250 total cash upon delivery of deed showing good and merchantable title & $1250 on or before 4 yrs. at 7% int. payable annually.

Sale is subject to approval of owner of premises . . .

(Signed)    Sam Kuh

. H. B. Miller, as agt. for owner
Geo. C. Lemcke and wife.

On the same day Miller wrote to Lemcke as follows:

"I have received your telegram of the 24th and accepted deposit of $500.00 on your ten acre tract on the basis of $2500. $1250 cash, balance on or before four years at 7% interest, interest payable annually.

"Please send deed and abstract at once and mortgage, unless you prefer we draw it here which can be done. You are to pay the taxes for the year 1917 and give possession at once. . . ."

On January 30th, Lemcke wrote to Miller as follows:

"In reply to your favor of the 26th will say that I cannot accept the proposition offered. I could not pay the 1917 taxes for they are not due, and the mortgage would have to bear 8% for that is what I am paying. In the meantime I have received a much better offer."

On February 1st, Kuh, the prospective purchaser, being advised by Miller of this letter from Lemcke, wrote to Miller as follows:

"I refer to your letter of the 31st and advise I will pay 8% on the deferred payment of $1250 on Lemcke land recently purchased thru you; also will pay 1917 taxes when they become due. You may so advise Mr. Lemcke . . ."

On the same day Miller wrote to Lemcke as follows:

"Purchaser consents to pay eight per cent interest on deferred payment of twelve fifty and pay taxes for year nineteen seventeen. . . ."

On February 7th, Miller wrote to Lemcke, enclosing a letter from Kuh, which letters were in substance a demand upon Lemcke that he convey the land, in compliance with the contract claimed by them to be evidenced by the foregoing correspondence and earnest money receipt.

It is contended in behalf of appellant Lemcke, as to the alleged sale contract, the one upon which the first cause of action is rested, that the minds of the parties never met so as to create any contractual relations on the part of Lemcke to consummate a sale of his land to Kuh. We feel constrained to hold that this contention must be sustained. It may be conceded, for argument's sake, that the telegrams of January 24th, passing between Miller and Lemcke, read in the light of their previous correspondence, gave Miller authority to accept a deposit from Kuh as the prospective purchaser, and thereby bind Lemcke to sell; but the acceptance of the $500 deposit from Kuh, and the giving to him of the earnest money receipt as evidence thereof, by Miller, did not bind Lemcke to sell, for it is expressly stated in the earnest money receipt that, "sale is subject to approval of owner of premises." When Lemcke was advised by Miller by letter of January 26th of the receiving of the earnest money deposit from Kuh, and that he, Lemcke, would have to pay the taxes of 1917, which were not then due, and accept seven per cent interest on the deferred installments of the purchase price, he declined to accede to those terms. In other words, Lemcke, by his letter of January 30th, refused to approve the earnest money receipt contract, as he had a right to do by the express terms thereof. It is true that thereafter on February 1st, Kuh did, by his

letter to Miller, offer to assume the taxes of 1917 and to pay eight per cent interest on the deferred installments of the purchase price; but that was after the rejection and disapproval by Lemcke of the earnest money receipt, and previous offers. It was not an offer by Kuh to meet an offer or proposal on the part of Lemcke which was then open for acceptance by Lemcke. Plainly at that time the minds of the parties had not met.

In *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill,* 119 U. S. 149, there were involved facts which, in their legal effect, we think, were the same as in this case, though somewhat less involved. The law here applicable we think is well stated in that case by Justice Gray, speaking for the court, as follows:

"As no contract is complete without the mutual assent of the parties, an offer to sell imposes no obligation until it is accepted according to its terms. So long as the offer has been neither accepted nor rejected, the negotiation remains open, and imposes no obligation upon either party; the one may decline to accept, or the other may withdraw his offer; and either rejection or withdrawal leaves the matter as if no offer had ever been made. A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. The other party, having once rejected the offer, cannot afterwards revive it by tendering an acceptance of it. . . . On December 18, the defendant by telegram declined to fulfill the plaintiff's order. The negotiation between the parties was thus closed, and the plaintiff could not afterwards fall back on the defendant's original offer. The plaintiff's attempt to do so, by the telegram of December 19, was therefore ineffectual and created no rights against the defendant."

In *Baker v. Johnson County,* 37 Iowa 186, the rule in such cases is stated as follows:

"An offer by one party assented to by the other will generally constitute a contract, but the assent must comprehend the whole of the proposition. It must be exactly equal to its extent and terms, and must not qualify them by any new matter. A proposal to accept, or an acceptance of, an offer on terms varying from those proposed, amounts to a rejection of the offer."

Our own recent decisions in *Nelson v. Davis,* 102 Wash. 313, 172 Pac. 1178, and *Sillman v. Spokane Savings & Loan Society,* 103 Wash. 619, 175 Pac. 296, are in harmony with this view of the law. We are of the opinion that there can be no recovery by respondent Kuh upon his first cause of action. It is to be noted that this is not an action to recover the $500 deposited by Kuh with Miller, for which the earnest money receipt was given; but it is an action to recover damages for Kuh's claimed loss of the bargain, independent of that money. Evidently there is no occasion for Kuh suing to recover that money. There is nothing in the record indicating that there is any disposition on the part of any one to withhold it from him.

As to the second cause of action, the one rested upon the alleged commission contract, it is contended in appellant Lemcke's behalf that there can be no recovery thereon, because no such contract is evidenced in writing, signed by Lemcke as the party to be charged, as is required by Rem. Code, § 5289. In none of the letters signed by either Miller or Lemcke, is the land mentioned or described with any greater particularity than as "the north 10 acres of orchard tract seven miles west of Toppenish," found in Miller's first letter of January 15th. Lemcke's letters do not mention the land even with this particularity; but, for argument's sake, we may assume that Lemcke's letters refer to the first letter of Miller and adopt the language of Miller in referring to the land. The letter of Lemcke

to Miller of January 30th, written after the giving of the earnest money receipt, in which the land is described, we have noticed is a rejection and disapproval of that contract and the other conditions stated in Miller's letter of January 26. Plainly this letter of Lemcke's, written January 30, constitutes no part of any commission contract with Miller. It has become the settled law of this state by our decisions (*Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583, and *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862), that a description of land reading "the north 10 acres of orchard tract seven miles west of Toppenish," in a contract "employing an agent or broker to sell or purchase real estate for compensation or a commission," is not sufficient to satisfy, Rem. Code, § 5289, being our statute of frauds upon that subject. We are of the opinion that respondent Kuh cannot recover upon his second cause of action.

The judgment is reversed, and the action dismissed.

CHADWICK, C. J., MOUNT, and TOLMAN, JJ., concur.